CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 29 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT E. SAMPSON, | CASE NO. 7:15CV00465 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| HIGHLAND CO. VA BOARD OF SUPERVISORS, ET AL., | By: Glen E. Conrad<br>Chief United States District Judge |
| Defendant(s). | |

Robert E. Sampson, a former Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 without prepayment of the filing fee on August 24, 2015. Sampson alleges that he was falsely arrested on a charge of weapon possession as a felon. Sampson, who has now been released from incarceration, has submitted a letter, stating that he does not have sufficient funds to prepay the filing fee in this case. The court construes this letter as an application to proceed in forma pauperis under 28 U.S.C. § 1915, which will be granted. Upon review of the record, however, the court will summarily dismiss the action as frivolous.

The allegations set forth in Sampson's submissions are sparse: he went to Highland County authorities to report a crime, and three days later, Sheriff Duff arrested him on a charge of weapon possession as a felon, despite having never seen Sampson with a firearm and having no complaining witness. Sampson, who is black, alleges that a white felon was not arrested. Sampson's later submissions, and Highland County Circuit Court records available online, indicate that Sampson was arrested on March 17, 2015; on June 16, 2015, a grand jury returned an indictment charging him with weapon possession as a felon. After trial on August 27, 2015, a jury found Sampson not guilty. Sampson asserts that the sheriff falsely arrested him. He seeks

monetary damages under § 1983 from the sheriff, the Highland County Board of Supervisors, and the Mayor of Monterey, Virginia.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), a court shall "at any time" dismiss an in forma pauperis complaint if it "is frivolous or malicious." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his rights under the Constitution or laws of the United States. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). To state a claim under this statute, a plaintiff must establish that he has been deprived of constitutional rights through the actions of a person or persons acting under color of state law.

An arrest is a seizure under the Fourth Amendment, and such a seizure is reasonable only if based on probable cause. Wilson v. Kittoe, 337 F.3d 392, 398 (4th Cir. 2003). Probable cause "to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). Thus, to succeed on his false arrest claim, Sampson must prove that the officer who arrested him had no probable cause to do so.

The court concludes that Sampson's claim is foreclosed by the fact of the grand jury's return of the indictment. Kaley v. United States, 571 U.S. ___, 134 S. Ct. 1090, 1097 (2014). "[A]n indictment 'fair upon its face,' and returned by a 'properly constituted grand jury . . . conclusively determines the existence of probable cause' to believe the defendant perpetrated the offense alleged." Id. (quoting Gerstein v. Pugh, 420 U.S. 103, 117, n. 19 (1975) (internal quotation marks and citation omitted)). Sampson does not allege any irregularity in the grand jury proceedings in his case. The grand jury's return of the indictment settled any question about

2

the existence of probable cause for Sampson's arrest. Accordingly, the court will summarily dismiss his false arrest claim as to all defendants as frivolous.[1]

Sampson also attempts to assert a claim that the sheriff treated him differently than a white felon. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It "does not take from the States all power of classification, but keeps governmental decision makers from treating differently persons who are in all relevant respects alike." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted). Plaintiff "must plead sufficient facts to satisfy each requirement. Id. at 731. Sampson fails to state any facts showing that he was similarly situated in all relevant respects to any white felon who was not charged for the same offense. Therefore, the court will summarily dismiss his equal protection claim as frivolous.

For the reasons stated, the court dismisses Sampson's complaint without prejudice, pursuant to § 1915(e)(2)(B)(i). An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 18th day of September, 2015.

_____
Chief United States District Judge

---

[1] Sampson also fails to allege facts showing how the Board or the Mayor could be held liable for the actions of the police officer in this case, even if he had arrested Sampson without probable cause. See, e.g., Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978) (holding that municipality may be liable under §1983 for constitutional violations committed by municipal employees only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury").