CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 13 2017
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT E. SAMPSON, | ) |
| Plaintiff, | ) Civil Action No. 7:15CV00465 |
| v. | ) **MEMORANDUM OPINION** |
| HIGHLAND COUNTY VA BOARD OF SUPERVISORS, et al., | ) Hon. Glen E. Conrad<br>) Chief United States District Judge |
| Defendants. | ) |

Robert E. Sampson, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is currently before the court on the defendants' motions to dismiss and plaintiff's motions for appointment of counsel and for a jury trial. For the reasons stated, the Mayor of the City of Monterey and the Highland County Board of Supervisors' motions will be granted, Sheriff T.J. Duff's motion will be denied, the plaintiff's motion to appoint counsel will be denied, and the plaintiff's motion for a jury trial will be taken under advisement.

## Background

Plaintiff, Robert E. Sampson ("Sampson"), was arrested on March 17, 2015. On August 27, 2015, he filed a complaint against T.J. Duff, the Highland County Sheriff ("Sheriff Duff"), the Mayor of the City of Monterey (the "Mayor"), and the Highland County Board of Supervisors (the "Board of Supervisors"). In his original complaint, plaintiff alleged that he was falsely arrested in violation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments. He further submitted a letter stating that he did not have sufficient funds to prepay

the filing fee. The court construed the letter as an application to proceed in forma pauperis and granted the application. The court also dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Thereafter, Sampson appealed to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit remanded with instructions to allow Sampson to file an amended complaint, which Sampson did on July 27, 2016. In his original complaint, Sampson alleged that Sheriff Duff arrested him on a charge of felon in possession of a weapon after Sampson reported a crime to the Sheriff. Sampson asserted that Sheriff Duff had never seen Sampson with a firearm and had no complaining witness. Sampson further pled that he, an African-American, was treated differently than Caucasian felons.

In his amended complaint, Sampson makes no allegations against the Mayor and he does not reassert that he was treated differently on the basis of his race. However, he pleads the following facts: (1) that no witnesses brought forth the charge of being a felon in possession of a firearm against him; (2) that no one ever saw Sampson with a firearm; (3) that Sheriff Duff falsely swore that he removed firearms from Sampson's person; (4) that Sampson never handled firearms; (5) that Sampson's fingerprints were not found on any of the guns at trial; (6) that he was found not guilty by a jury; (7) that Sheriff Duff "has done this before"; and (8) that the Board of Supervisors hired Sheriff Duff, a man with no experience as a public police officer. Both Sampson's original and amended complaints seek $1,000,000 in damages.

Each of the defendants have submitted a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court notified plaintiff of defendants' motions to dismiss as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff

responded in opposition and asked the court for a trial by jury and appointment of counsel. The defendants' time to respond to plaintiff's motions has passed. The motions are ripe for review.

## Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When reviewing a claim under this rule, the court must accept all of the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Id. at 244. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In other words, the factual allegations (taken as true) must 'permit the court to infer more than the mere possibility of misconduct.'" A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

When a document is filed pro se, it must be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Accordingly, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. Mindful of this principle, the court will consider both the plaintiff's original and amended complaints in addition to his response to the defendants' motions in determining whether the plaintiff's allegations are sufficient. See Davis v. Bacigalupi, 711 F. Supp. 2d 609, 615 (E.D. Va. 2010).

## Discussion

### I.   The Mayor and Highland County Board of Supervisors' Motions to Dismiss

Both Sampson's original and amended complaints are devoid of a single fact implicating the Mayor. Instead, the "Mayor of Monterey" is simply named in the original complaint. The Board of Supervisors is similarly implicated, but the amended complaint does assert the

additional fact that the Board of Supervisors hired Sheriff Duff, an individual with no law enforcement experience.

While the court must liberally construe the pleadings of a pro se plaintiff, this requirement need not extend to outright advocacy. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). The court is not required to construct plaintiff's legal arguments for him, nor is it required to divine the point Sampson seeks to make. See Lee v. Johnson, 793 F. Supp. 2d 798, 801 (W.D. Va. 2011). Because not a single fact alleged implicates the Mayor, the plaintiff has failed to state a plausible claim for relief against this defendant.

As to the plaintiff's contention that the Board of Directors hired an individual with no law enforcement experience, this claim also fails. A municipality may be held liable for certain constitutional violations. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). "To impose § 1983 liability based on a hiring decision, a plaintiff must demonstrate that the municipal actor disregarded a known or obvious consequence of hiring the applicant." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1313 (11th Cir. 2001). Sampson has pled no facts suggesting that the Board of Supervisors was aware, let alone disregarded, "a known or obvious consequence of hiring the applicant." Id. Accordingly, the court will dismiss plaintiff's complaint against both the Board of Supervisors and the Mayor.

## II. Sheriff Duff's Motion to Dismiss

Sampson is silent as to whether he seeks judgment against the Sheriff in his individual capacity or official capacity. It is well-settled that sheriffs are state officers who are shielded by Eleventh Amendment Immunity. See, e.g., Bland v. Roberts, 730 F.3d 368, 391 (4th Cir. 2013). Accordingly, to the extent Sampson seeks to hold Sheriff Duff liable in his official capacity, his

4

claim is subject to dismissal. However, because Sampson is proceeding pro se and does not specify whether he seeks to hold Sheriff Duff liable in his individual or his official capacity, the court understands the complaint to allege both types of claims. See Edwards v. Rubenstein, No. 2:14CV17, 2016 U.S. Dist. LEXIS 15237, at *17-18 (N.D.W. Va. Jan. 20, 2016) (construing a pro se plaintiff's complaint as asserting both an individual and official capacity claim when the type of claim was not specified).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. To state a claim for an unreasonable seizure, a plaintiff must show that the officer arrested him without probable cause. Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) (citing Dunaway v. New York, 442 U.S. 200, 213 (1979)). Probable cause means that the "facts and circumstances within the officer's knowledge [] are sufficient to warrant a prudent person . . . in believing . . . that the suspect has committed . . . an offense." United States v. Williams, 10 F.3d 1070, 1073-74 (4th Cir. 1993). A plaintiff's claim will survive when it rests upon facts which made it unjustifiable for a reasonable officer to conclude that the plaintiff was violating the law. Ornelas v. United States, 517 U.S. 690, 699 (1996). The fact that an individual may be acquitted does not render the arrest unreasonable. Michigan v. DeFillippo, 443 U.S. 31, 37 (1979).

While obtaining a warrant does not provide per se evidence of objective reasonableness, there is a "presumption of reasonableness attached to obtaining a warrant." See Torchinsky v. Siwinski, 942 F.2d 257, 262 (4th Cir. 1991). Similarly, "an indictment 'fair upon its face,' and returned by a 'properly constituted grand jury . . . conclusively determines the existence of

5

probable cause' to believe the defendant perpetrated the offense alleged." Kaley v. United States, 134 S. Ct. 1090, 1097 (2014) (quoting Gerstein v. Pugh, 420 U.S. 103, 117 n.19 (1975)). However, when the officer "would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant," the presumption of reasonableness can be rebutted. Malley v. Briggs, 475 U.S. 335, 345 (1986).

As stated in its previous memorandum opinion, the court initially believed that Sampson's claim against Sheriff Duff was foreclosed by the fact that the grand jury returned an indictment against him. See Mem. Op., Docket No. 12. In his original complaint, Sampson had not alleged any irregularity in the grand jury process. However, Sampson now asserts that "no witnesses brought forth these charges against [him]" and that "T.J. Duff has falsely sworn he removed (11) firearms from my person." Sampson also attaches in his opposition to defendants' motions to dismiss the transcripts of Sheriff Duff's trial testimony.[1] At Sampson's trial, Sheriff Duff testified that Sampson led the Sheriff to a closet in Sampson's residence where a gun safe containing eleven firearms was located. Docket No. 34-1. Sampson's wife then informed the Sheriff of a firearm in the couple's bedroom and presented it to Sheriff Duff. Id. The trial testimony further establishes that, after learning this information, Sheriff Duff obtained a warrant from a magistrate judge prior to arresting Sampson. Id.

Construing the pleadings liberally and drawing all reasonable inferences in Sampson's favor, the court finds that plaintiff has pled a deficiency in the grand jury and warrant process, namely, that the evidence presented against him at those proceedings, and possibly at trial, was

---

[1] To the extent the court relies upon exhibits submitted by plaintiff outside the original and amended complaints, including matters of public record and the transcript of plaintiff's trial, the court notes that it may consider documents extrinsic to the complaint if they are "integral to and explicitly relied on in the complaint" and if there is no dispute to their authenticity. See Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222-23 (4th Cir. 2009); Pueschel v. United States, 369 F.3d 345, 354 n.3 (4th Cir. 2004). The transcript of plaintiff's trial is properly authenticated by the court reporter.

false. The court recognizes that Sheriff Duff may later establish that he presented sufficient evidence to establish probable cause to the magistrate, including the fact that Sampson resided on the premises where the firearms were found, that he demonstrated awareness as to both the presence and character of the firearms, and that his wife presented a firearm from the couple's shared bedroom. See Rawls v. Commonwealth, 634 S.E.2d 697, 705 (Va. 2006) (finding sufficient evidence to convict for felon in possession of a firearm when the defendant was found apparently sleeping on a mattress in a room containing his personal effects under which a firearm was located); Bolden v. Commonwealth, 654 S.E.2d 584, 587 (Va. 2008) (upholding a conviction for felon in possession of a firearm when there was a firearm in the center console of a vehicle in which the defendant and another individual were sitting); Wyatt v. Commonwealth, No. 1409-13-3, 2015 WL 146013, at *6-7 (Va. Ct. App. Jan. 13, 2015) (sustaining a conviction for felon in possession of a firearm when firearms and jewelry were stolen from a residence, the defendant was found guilty of burglary, and only the jewelry was recovered from the defendant). However, the court must accept as true the allegations in the amended complaint when addressing a motion to dismiss.

Here, the plaintiff alleges that Sheriff Duff falsely swore that he removed eleven firearms from Sampson's person. At this juncture, the court does not have the benefit of knowing what else, if anything, Sheriff Duff attested to in obtaining the warrant or what he testified to in front of the grand jury. Therefore, accepting the plaintiff's assertions as true, by lying, Sheriff Duff would "have known that his affidavit failed to establish probable cause" and that he thereby arrested the plaintiff in violation of plaintiff's constitutional rights. See Malley, 475 U.S. at 345. Accordingly, the court will deny Sheriff Duff's motion to dismiss plaintiff's false arrest claim.

Nevertheless, the amended complaint does not reference Sampson's Equal Protection Clause claim nor allege any additional facts to support it. Previously, the court found this claim to be frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Mem. Op., Docket No. 12. Because the amended complaint does not reassert this claim, the court understands that Sampson has abandoned it. The court will dismiss this claim as to all defendants.

### III.    Motion to Appoint Counsel & Motion for a Jury Trial

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, the court may appoint counsel only in exceptional circumstances. See Hall v. Holsmith, 340 F. App'x 944, 946 (4th Cir. 2009). Whether exceptional circumstances exist hinges on the characteristics of the claim and the litigant. Whisenant v. Yuam, 739 F.2d 160, 162 (4th Cir. 1984). "If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). Here, it is not "apparent" that plaintiff lacks the ability to present his claims. He straightforwardly asserts that Sheriff Duff lied to the grand jury or the magistrate judge and therefore, arrested plaintiff without probable cause. Additionally, plaintiff has demonstrated his ability to timely file an amended complaint and a notice of appeal. Therefore, the court will exercise its discretion and deny plaintiff's motion for appointment of counsel. Nevertheless, the court believes that the necessary exceptional circumstances may be present should the matter proceed to trial, and plaintiff may renew his motion to appoint counsel at that time.

Finally, plaintiff seeks a jury trial to resolve his claims. The court concludes that a decision on plaintiff's motion for a jury trial should be deferred until issuance of a scheduling

order and any other dispositive motions have been filed and resolved. Accordingly, the court will take plaintiff's motion for a jury trial under advisement.

## Conclusion

For the foregoing reasons, the Mayor and the Board's motions to dismiss will be granted and Sheriff Duff's motion will be denied. The plaintiff's motion to appoint counsel will be denied and the plaintiff's motion for a jury trial will be taken under advisement. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

DATED: This 13th day of April 2017.

_____
Chief United States District Judge