IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT E. SAMPSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:15CV00465 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| HIGHLAND COUNTY VA ) | Hon. Glen E. Conrad |
| BOARD OF SUPERVISORS, et al., ) | Chief United States District Judge |
| ) | |
| Defendants. ) | |

Robert E. Sampson, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is currently before the court on defendant T.J. Duff's motion for summary judgment. For the reasons stated, the defendant's motion will be granted.

## Background

Plaintiff, Robert E. Sampson ("Sampson"), was arrested on March 17, 2015. On August 27, 2015, he filed a complaint against T.J. Duff, the Highland County Sheriff ("Sheriff Duff"), the Mayor of the City of Monterey (the "Mayor"), and the Highland County Board of Supervisors (the "Board of Supervisors"). In his original complaint, plaintiff alleged that he was falsely arrested in violation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments. He further submitted a letter stating that he did not have sufficient funds to prepay the filing fee. The court construed the letter as an application to proceed in forma pauperis and granted the application. The court also dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Thereafter, Sampson appealed to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit remanded with instructions to allow Sampson to file an amended

complaint, which Sampson did on July 27, 2016. Sampson alleges that Sheriff Duff arrested him on a charge of felon in possession of a weapon after Sampson reported a crime to Sheriff Duff. Sampson asserts that Sheriff Duff lacked probable cause to arrest him, as Sampson argues that Sheriff Duff had never seen Sampson with a firearm and had no complaining witness.

On April 13, 2017, the court granted the Board and the Mayor's motions to dismiss and denied Sheriff Duff's motion to dismiss to the extent plaintiff asserts a claim against the Sheriff in his individual capacity. Thereafter, Sheriff Duff filed the instant motion for summary judgment. The court notified plaintiff of defendant's motion for summary judgment and of plaintiff's opportunity to respond, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Sampson has responded, but has not filed any affidavits or other exhibits in support of his position. The motion is ripe for review.

## **Standard of Review**

An award of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute of material fact exists, the court must "view the facts and all justifiable inferences arising therefrom in the light most favorable to the nonmoving party." Libertarian Party of Va. v. Judd, 718 F.3d 308, 313 (4th Cir. 2013). However, the burden is on the nonmoving party to show that there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). To meet this burden, the nonmoving party must offer "sufficient proof in the form of admissible evidence" rather than relying solely on the allegations of his pleadings. Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

## Discussion

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. To state a claim for an unreasonable seizure, a plaintiff must show that the officer arrested him without probable cause. Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) (citing Dunaway v. New York, 442 U.S. 200, 213 (1979)). Probable cause means that the "facts and circumstances within the officer's knowledge [] are sufficient to warrant a prudent person . . . in believing . . . that the suspect has committed . . . an offense." United States v. Williams, 10 F.3d 1070, 1073-74 (4th Cir. 1993). A plaintiff's claim will survive when it rests upon facts which made it unjustifiable for a reasonable officer to conclude that the plaintiff was violating the law. Ornelas v. United States, 517 U.S. 690, 699 (1996). The fact that an individual may be acquitted does not render the arrest unreasonable. Michigan v. DeFillippo, 443 U.S. 31, 37 (1979).

While obtaining a warrant does not provide per se evidence of objective reasonableness, there is a "presumption of reasonableness attached to obtaining a warrant." See Torchinsky v. Siwinski, 942 F.2d 257, 262 (4th Cir. 1991). Similarly, "an indictment 'fair upon its face,' and returned by a 'properly constituted grand jury . . . conclusively determines the existence of probable cause' to believe the defendant perpetrated the offense alleged." Kaley v. United States, 134 S. Ct. 1090, 1097 (2014) (quoting Gerstein v. Pugh, 420 U.S. 103, 117 n.19 (1975)). However, when the officer "would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant," the presumption of reasonableness can be rebutted. Malley v. Briggs, 475 U.S. 335, 345 (1986).

3

In his motion for summary judgment, Sheriff Duff has presented unrebutted evidence demonstrating that he acted with probable cause. On the morning of March 17, 2015, Sampson and his wife reported the theft of eleven firearms from their residence. They provided a list of the firearms stolen. Dec. of Sheriff Duff, Docket No. 47-1. Later that morning, Sampson reported that the firearms were not removed from the residence. Id. Sheriff Duff then traveled to Sampson's residence to confirm that the firearms were not stolen. Tr. of April 1, 2015 Hr'g 12, Docket No. 47-2. Sampson invited Sheriff Duff into the residence and proceeded directly to the closet in which a wooden ammo crate and a weapons vault were located. Sampson then opened the weapons vault to demonstrate that the firearms were indeed there. Dec. of Sheriff Duff, Docket No. 47-1. At that point, Sampson's wife disclosed that there was another firearm in the couple's shared bedroom. Id. Sheriff Duff followed Sampson's wife to the master bedroom where she produced the firearm. Id. Prior to arriving at Sampson's house, Sheriff Duff's office staff had produced Sampson's criminal history, demonstrating that Sampson was a felon. Id.

Thereafter, Sheriff Duff appeared before a magistrate judge and presented this information, including Sampson's criminal history. Dec. of Sheriff Duff, Docket No. 47-1; Tr. of April 1, 2015 Hr'g 16, Docket No. 47-2. The magistrate issued a warrant for Sampson's arrest for possession of a firearm after being convicted of a felony. Dec. of Sheriff Duff, Docket No. 47-1. When Sheriff Duff went to execute the warrant, Sampson's wife opened the door. Sheriff Duff then witnessed Sampson exit the spare bedroom where the weapons had been located earlier that day. Tr. of April 1, 2015 Hr'g 17-18, Docket No. 47-2. Sheriff Duff arrested Sampson and then proceeded to the spare bedroom. Three of the firearms that were in the vault when Sheriff Duff first observed them were now on the bed. Id.

Probable cause means that the "facts and circumstances within the officer's knowledge []
are sufficient to warrant a prudent person . . . in believing . . . that the suspect has committed . . .
an offense." Williams, 10 F.3d at 1073-74. An officer need not have known with certainty that
the crime was committed. Smith v. McCluskey, 126 F. App'x 89, 93 (4th Cir. 2015). In Virginia,
the unlawful possession of a firearm can be established exclusively by evidence of constructive
possession. See Rawls v. Commonwealth, 634 S.E.2d 697, 705 (Va. 2006). The Supreme Court
of Virginia has upheld convictions for being a felon in possession of a firearm upon evidence of
"acts, statements, or conduct by the defendant or other facts and circumstances proving that the
defendant was aware of the presence and character of the firearm and that the firearm was
subject to his dominion and control." Id. "While the Commonwealth does not meet its burden of
proof simply by showing the defendant's proximity to the firearm or ownership or occupancy of
the premises where the firearm is found, these are circumstances probative of possession and
may be considered as factors in determining whether the defendant possessed the firearm." Id.
(finding sufficient evidence to convict when the defendant was found apparently sleeping on a
mattress, in a room containing his personal effects, under which a firearm was located); see also
Bolden v. Commonwealth, 654 S.E.2d 584, 587 (Va. 2008) (upholding a conviction when there
was a firearm in the center console of a vehicle in which the defendant and another individual
were sitting); Wyatt v. Commonwealth, No. 1409-13-3, 2015 WL 146013, at *6-7 (Va. Ct. App.
Jan. 13, 2015) (sustaining a conviction for felon in possession of a firearm when firearms and
jewelry were stolen from a residence, the defendant was found guilty of burglary, and only the
jewelry was recovered from the defendant).

From the evidence produced, it is clear that no reasonable juror could find that Sheriff
Duff acted without probable cause. The evidence suggests that Sheriff Duff reasonably

understood that Sampson "was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control," as Sampson divulged that eleven firearms were stolen from his residence, Sampson demonstrated knowledge of the premises where the firearms were located, and Sampson opened the weapons vault in which the weapons were kept. Moreover, Sheriff Duff submitted this information to a neutral magistrate who issued an arrest warrant. See Torchinsky, 942 F.2d at 262 (obtaining a warrant can raise a presumption of reasonableness). These facts are sufficient to establish that no constitutional violation occurred.

While Sampson continues to assert that Sheriff Duff lied at various judicial proceedings, he provides no evidence in support of his position. Even if the court could construe plaintiff's brief as an affidavit in support of his allegations, a self-serving affidavit, without more, is not sufficient to defeat summary judgment. See Nat'l Enters., Inc. v. Barnes, 201 F.3d 331, 335 (4th Cir. 2000). Accordingly, the court will grant defendant's motion for summary judgment.

### Conclusion

For the foregoing reasons, the defendant's motion for summary judgment will be granted. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

DATED: This 23rd day of May, 2017.

_____
Chief United States District Judge